UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAVIS-ALICIA ANDREWS,

Plaintiff,

-against-

KINGDOM OF THE NETHERLANDS,

Defendant.

26-CV-8651 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Mavis-Alicia Andrews, who currently resides in the Bronx, New York, brings this *pro se* action against the Kingdom of the Netherlands arising from her and her children's experiences with the Dutch child welfare system and law enforcement agencies in the Netherlands and the Dominican Republic. The Court understands Plaintiff to be asserting claims under the Alien Tort Statute ("ATS"). For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of Columbia.

**DISCUSSION**

The Court construes the complaint as asserting claims under the ATS. Under that statute, "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. Because the ATS does not contain its own venue provision, venue for claims under that statute are governed by the general venue statute, 28 U.S.C. § 1391. *See Shaoulian-Tehrani v. Khatami*, No. 06-CV-6868 (DC), 2008 WL 1790386, at *4 (S.D.N.Y. Apr. 21, 2008). Under Section 1391, a civil action against a foreign state may be brought:

> (1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; (2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under [28 U.S.C.

> § 1605]; (3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in [28 U.S.C. § 1603(b)]; or (4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

28 U.S.C. § 1391(f).

Here, Plaintiff alleges that the Kingdom of the Netherlands, a foreign state, violated her rights in the Netherlands and the Dominican Republic. Plaintiff does not allege any facts suggesting that a substantial part of the events giving rise to her claims occurred in this district or that any property that is the subject of this action is located in this district. Furthermore, this action does not involve a vessel or cargo of a foreign state, and Plaintiff is not bringing claims against an agency or instrumentality of a foreign state. From the face of the complaint, therefore, venue is not proper in this district under Section 1391(f)(1)-(3). Because Plaintiff is suing a foreign state, venue for her claims is proper under Section 1391(f)(4) in the District of Columbia.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Plaintiff is bringing claims against a foreign state, venue for her claims is proper in the District of Columbia. *See* 28 U.S.C. § 1391(f)(4). The Court therefore transfers this action, in the interest of justice, to the United States District Court for the District of Columbia. *See* 28 U.S.C. § 1406(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Columbia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 4, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge